**17877 PROPERTY, LTD.,**
**Plaintiff–Appellant,**

v.

**McKEAN MACHINERY SALES,**
**INC., Defendant–Appellee.**

No. 02–3162.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges, and QUIST,* District Judge.

PER CURIAM.

In a dispute over attorneys' fees, the plaintiff, 17877 Property, Ltd., claims to be the prevailing party in this litigation against its lessee, defendant McKean Machinery Sales, Inc., and therefore entitled to recover those fees under a provision of the lease executed by its predecessor and McKean Machinery. The lessee challenged this claim before the magistrate judge, who heard this case by designation and who entered summary judgment in favor of the lessee, denying an award to 17877 Property.

The underlying action arose from the complaint that the lessor filed in the Cuyahoga County Court of Common Pleas alleging breach of contract, unjust enrichment, and fraud, and seeking compensatory damages in excess of $75,000 and punitive damages in the amount of $150,000, based on its allegation that defendant had not paid its electricity bill. McKean Machinery removed the case to federal district court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441.

Following removal, the parties reached an agreed settlement of an ongoing dispute over whether the lessor, 17877 Property, was required under the lease to install a separate meter in McKean Machinery's facility in order to assess accurately the amount of electricity for which McKean was responsible. McKean had been paying an estimated amount each month, as originally calculated by the predecessor to 17877 Property, and was willing to make up for any under-payments, but only if the accurate cost could be calculated. This demand was in keeping with the provision in the lease that made the lessor responsible for "all repairs, maintenance, or replacement of or to the utility services to the building ..." and for the "install[ation of] separate meters for electric, gas, and other utilities."

The lease also provided that "Landlord shall be entitled to recover from Tenant its reasonable attorneys' fees incurred in enforcing its rights hereunder." 17877 Property claimed that it was therefore entitled to an award under this provision because, under the terms of the settlement, McKean had ultimately agreed to pay $8,000 for past under-payments and to drop its counterclaims against the plaintiff. The magistrate judge who heard the case held, however, that neither party was a prevailing party under Ohio law and that 17877 Property had not incurred its legal expenses

* The Hon. Gordon J. Quist, United States Judge for the Western District of Michigan, sitting by designation.

enforcing its rights under the lease. She ruled that 17877 Property had no right under the lease to demand that McKean pay *inaccurate* electricity bills and that, as a matter of law, the lessor was not enforcing its rights under the lease when it incurred the attorneys' fees at issue because its obligation to measure McKean's electrical use accurately was a condition precedent to McKean's payment for its electrical use. She concluded that because there was no accurate determination of what McKean owed 17877 Property, and because 17877 Property had no right to demand that McKean pay for a mere estimate of electricity use, 17877 Property's legal expenses in attempting to compel McKean to pay those estimates were not fees incurred in enforcing 17877 Property's rights under the lease.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the magistrate judge erred in denying an award of attorneys' fees to the plaintiff. Because the reasons underlying this decision have been fully articulated by the magistrate judge, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the magistrate judge upon the reasoning set out in her memorandum opinion, dated December 11, 2001.

The appellee's motion for sanctions on appeal is denied.